| STATE OF LOUISIANA | * | NO. 2024-K-0782 |
| VERSUS | * | COURT OF APPEAL |
| PERNELL D. SMITH | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

**SCJ**    **JENKINS, J., DISSENTS WITH REASONS.**

The majority contends that Defendant was adequately informed of his right to counsel pursuant to *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602 (1966) and that he knowingly and voluntarily waived his right to counsel. I disagree.

In reviewing the sufficiency of the *Miranda* warnings rendered herein, while no exact language is required, the duty to inform an individual of his right to consult with a lawyer before interrogation and to have a lawyer present with him during interrogation "is an absolute prerequisite to interrogation." *Miranda*, 384 U.S. at 471, 86 S.Ct. 1602; *see also Duckworth v. Eagan*, 492 U.S. 195, 202, 109 S.Ct. 2875 (1989). Further, the warnings may not convey any limitations to the accused's right to counsel during an interrogation. *California v. Prysock*, 453 U.S. 355, 360-61, 101 S. Ct. 2806 (1981). Louisiana jurisprudence has recognized this precept in *State v. King*, 2019-01332, pp. 6-7 (La. 4/3/20), 340 So.3d 754, 757-58 and *State v. Nunez-Melendez*, 2023-0784, p.4 (La. App. 4 Cir. 12/29/23), 382 So.3d 408, 410.

In this case, the *Miranda* colloquy shows that Det. Moore read Defendant the *Miranda* warnings from a form. Thereafter, Det. Moore asked Defendant if he understood those rights. Defendant then questioned Det. Moore as to whether he

would receive an attorney during the interrogation if he could not afford one. Det. Moore's response to Defendant's question asserted that an attorney would not be provided "at this moment." After being told he would not be provided an attorney, Defendant stated, "[t]hat's what I was trying to figure out." Then, Det. Moore proceeded to ask Defendant if he wished to make a statement.

The reading of Defendant's *Miranda* rights from a form poses no legal issue; however, Defendant replied with a question when asked if understood his rights. Det. Moore did not ask Defendant if he understood his rights nor did she clarify that he was entitled to an attorney during questioning. Being told that an attorney would not be provided "at this moment" when inquiring about the right to an appointed attorney during interrogation implies a limitation on the right to counsel as prohibited in *King* and *Nunez-Melendez*, *supra*. Here, Defendant's immediate response after inquiring about counsel and being told an attorney would not be provided was, "[t]hat's what I was trying to figure out." This response from Defendant inferred that he was trying to understand whether he would be provided with an attorney during questioning, and the detective's answer solidified his belief an attorney would not be provided. Based on this interaction, Det. Moore's recitation of *Miranda* to Defendant did not reasonably convey that Defendant had the right to an attorney present during the interrogation. As such, I find no error in the trial court's finding that "it was clear that anyone who was administered that right would have been led to think that he . . . was not entitled to a lawyer [and] could not get a lawyer." Accordingly, the totality of the circumstances showed the State failed to provide Defendant with adequate *Miranda* warnings.

I also find that Defendant did not knowingly and voluntarily waive his *Miranda* rights as maintained by the majority and the State. Well-settled jurisprudence provides that before the State may admit a defendant's statements, it must establish that "the accused in fact knowingly and voluntarily waived *Miranda*

rights when making the statement." *North Carolina v. Butler*, 441 U.S. 369, 373, 99 S. Ct. 1755, 1757 (1979). In *Moran v. Burbine*, the United States Supreme Court stated:

> The inquiry into whether there is a valid waiver has two distinct dimensions. First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it.

475 U.S. 412, 421, 106 S. Ct. 1135 (1986).

Moreover, a waiver is not valid if the State merely shows that *Miranda* warnings were given and that the accused made an uncoerced statement. *Berghuis v. Thompkins*, 560 U.S. 380, 383, 130 S. Ct. 2250, 2261 (2010); *State v. Vigne*, 2001-2940, p. 6 (La. 6/21/02), 820 So.2d 533, 537. Rather, the State must further show that the accused understood those rights, that is, the right being abandoned *and* the consequences of such abandonment. *Berghuis*, 560 U.S. at 384, 130 S. Ct. at 2261-62; *Moran*, 475 U.S. at 421-22, 106 S. Ct. at 1141; *Colorado v. Spring*, 479 U.S. 564, 573-75, 107 S. Ct. 851 (1987).

In the matter *sub judice,* as to the "voluntary" prong the majority maintains that Defendant voluntarily waived his *Miranda* rights because the record is devoid of any coercion, intimidation, or deception on Det. Moore's part in obtaining a statement from Defendant. The majority concludes that the transcript supports that Det. Moore was "calm, thorough, and cautious" throughout the interrogation and did not use any tactics to obtain an involuntary statement from Defendant; as such, there are no indications that Defendant's *Miranda* waiver was involuntary.

While the record shows that Defendant *may* have voluntarily waived his *Miranda* rights, this Court must still assess the second prong-whether that waiver was made *knowingly* of the rights being abandoned and the consequences of abandoning those rights. The majority highlights that Defendant's statements that

"I'm alright. I understand. I'm going to talk," and that he ultimately made a statement and signed the waiver form- after the detective's response that he would not be appointed counsel during interrogation-indicated that he made a knowing waiver. However, that Defendant subsequently agreed to speak with Det. Moore and signed a waiver form is not dispositive of a knowing waiver. Defendant was told an attorney would not be provided, in violation of *Miranda*, and no curative measures were taken to rectify the information which suggested he would be deprived of that constitutional right. Defendant's understanding of his right to counsel was therefore tainted by the State's misinformation that he did not have the right to counsel during interrogation. Because of the insufficiency of the warnings and the absence of any attempt to rectify the insufficiencies, Defendant was effectively deprived of his ability to knowingly waive his *Miranda* rights.

Upon review, the record supports that Defendant waived his rights under the mistaken belief that he was not entitled to an attorney during the interrogation. Therefore, the trial court did not err in its ruling that Defendant did not make a knowing waiver of his *Miranda* rights.

Based on the foregoing reasons, I find Defendant was not adequately informed of his *Miranda* rights and did not make a knowing waiver of those rights. Therefore, I respectfully dissent and would deny the State's writ application.